# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DANIEL BELL, *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Civ. No. JKB-18-00744 |
| CSX TRANSPORTATION, INC., | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Earlier today, the Court issued an Order denying Defendant CSX Transportation, Inc.'s Motion for Summary Judgment. (ECF No. 106.) This Memorandum and Order sets out the next steps in this case.

*First*, as the Court observed in the Memorandum accompanying the Order denying summary judgment, the Court is doubtful that the case in its current form is amenable to class certification under Federal Rule of Civil of Procedure 23. (*See* ECF No. 105 at 5 n.4.) That said, fairness demands that Plaintiffs be given an opportunity to make their case on this issue, if they wish to do so, before the Court makes any final determination on class certification.

*Second*, of the 63 Plaintiffs, only 6 are residents of Maryland. It is not apparent from the record that any substantial amount of the events underlying this case occurred in Maryland, nor is there any indication that a substantial number of witnesses or other evidence is located here—at least with respect to the 57 non-Maryland Plaintiffs. If this case does not proceed as a class action, then principles of judicial economy and respect for the convenience of parties and witnesses would incline the Court to transfer the cases of the 57 non-Maryland Plaintiffs to the respective federal judicial districts in which those Plaintiffs reside, pursuant to 28 U.S.C. § 1404(a).

*Third*, the Court is not aware of any substantial settlement negotiations between the parties

up to this point. Now that questions of preemption and preclusion have been resolved, it appears that there is a natural opportunity for the parties to reach an agreement that fairly and efficiently resolves their outstanding disputes. Before the Court makes any final ruling on class certification and the question of whether to transfer the non-Maryland plaintiffs' cases to their respective home districts, the Court will direct the parties to participate in a mediation and settlement conference before a United States Magistrate Judge in this District.

Accordingly, it is ORDERED that:

1. Within 21 days of the date that this Order is docketed, Plaintiffs SHALL SHOW CAUSE why the Court should not rule that they are not entitled to class certification with respect to the remaining claims in this case.

2. Within 21 days of the date that this Order is docketed, both Plaintiffs and Defendant SHALL SHOW CAUSE why the Court should not transfer all claims involving non-Maryland Plaintiffs to the respective federal judicial district where each such non-Maryland Plaintiff resides, pursuant to 28 U.S.C. § 1404(a).

3. This case is REFERRED to a United States Magistrate Judge for a mediation and settlement conference to be conducted as soon as the Magistrate Judge deems it practicable.

4. The Court will defer issuing any Order on class certification or venue transfer until after the parties have undertaken in good faith the mediation and settlement conference referenced above.

DATED this __8__ day of May, 2024.

BY THE COURT:

_James K. Bredar_
James K. Bredar
United States District Judge