# IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| JOSH HULL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 3:25-cv-00352 |
| | ) | |
| CSX TRANSPORTATION, INC., | ) | JUDGE CAMPBELL |
| | ) | MAGISTRATE JUDGE HOLMES |
| Defendant. | ) | |

## <u>MEMORANDUM AND ORDER</u>

Plaintiff brings the present lawsuit against his former employer, Defendant CSX Transportation, Inc. ("CSX"), for alleged violations of his federally protected rights under the Family Medical Leave Act ("FMLA"). For the reasons stated herein, CSX's pending motion for summary judgment (Doc. No. 80), which is fully briefed (Doc. Nos. 87, 97, 109, 110), is **DENIED**.

## I.   STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id*.

In evaluating a motion for summary judgment, the court views the facts in the light most favorable for the nonmoving party, and draws all reasonable inferences in favor of the nonmoving party. *Bible Believers v. Wayne Cty., Mich.*, 805 F.3d 228, 242 (6th Cir. 2015); *Wexler v. White's*

*Fine Furniture, Inc.*, 317 F.3d 564, 570 (6th Cir. 2003).  The Court does not weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  Rather, the Court determines whether sufficient evidence has been presented to make the issue of material fact a proper jury question. *Id.*

## II.  ANALYSIS

"The FMLA entitles qualifying employees up to 12 work weeks of leave under specified circumstances, including if they are suffering from a serious health condition." *Tennial v. United Parcel Serv., Inc.*, 840 F.3d 292, 307 (6th Cir. 2016) (citing 29 U.S.C. § 2612(a)(1)(D)). "The FMLA prohibits an employer from retaliating against an employee for exercising her statutory right to medical leave and from using leave as a negative factor in employment actions." *Ahmed v. Hamtramck Public Schools*, 178 F.4th 975, 981 (6th Cir. 2026) (citing *Marshall v. Rawlings Co.*, 854 F.3d 368, 376 (6th Cir. 2017) and 29 U.S.C. § 2615(a)(1)); *see also Dyer v. Ventra Sandusky, LLC*, 934 F.3d 472, 475–76 (6th Cir. 2019) ("It is considered interference for purposes of the Act for employers to use the taking of FMLA leave as a negative factor in employment actions. 29 C.F.R. § 825.220(c)."). In the present case, Plaintiff claims CSX interfered with his statutory right to take FMLA leave and retaliated against him because of his use of FMLA leave.

An employee can prove FMLA retaliation claims with direct or indirect evidence. *See Jackson v. United States Postal Service*, 149 F.4th 656, 675 (6th Cir. 2025); *Demyanovich v. Cadon Plating & Coatings, L.L.C.*, 747 F.3d 419, 432 (6th Cir. 2014) ("The direct evidence and circumstantial evidence paths are mutually exclusive; a plaintiff need only prove one or the other, not both."). To prove an FMLA retaliation claim with indirect evidence, a plaintiff must satisfy the *McDonnell Douglas* burden shifting framework. *Jackson*, 149 F.4th at 675. "To prove retaliation with direct evidence, [a plaintiff] would need evidence that his decision to take FMLA

2

leave was at least a 'motivating factor' in [the employer]'s decision to [take an adverse employment action against] him." *Id*. (citing *Demyanovich* at 432).

Through its pending motion, CSX seeks summary judgment on Plaintiff's FMLA retaliation claim on the basis that he cannot show the adverse action it took against him was pretext for unlawful retaliation because it honestly believed that he had misused his FMLA leave. CSX is correct that "the honest belief rule [] precludes a finding of pretext … so long as the employer can show that it honestly believed the reason was true when making the termination decision." *Boshaw v. Midland Brewing Company*, 32 F.4th 598, 606 (6th Cir. 2022). Pretext and the honest belief rule are part of the *McDonnell Douglas* burden shifting analysis employed at summary judgment when a plaintiff relies on circumstantial evidence. *See Jackson*, 149 F.4th at 675. Indeed, the Sixth Circuit has explained, "[t]he honest-belief rule is, in effect, one last opportunity for the defendant to prevail on summary judgment." *Nathan v. Great Lakes Water Authority*, 992 F.3d 557, 572 (6th Cir. 2021) (quoting *Clay v. United Parcel Service, Inc.*, 501 F.3d 695, 714 (6th Cir. 2007)).

Here, the Court need not reach the issue of pretext or CSX's honest belief because the record contains direct evidence of FMLA retaliation; that is, evidence which requires no inferences to conclude that Plaintiff's decision to take FMLA leave was a negative factor in CSX's decision to charge Plaintiff with FMLA misuse between 12/31/2017 and 1/2/2018:

> Q.      What facts and circumstances led to the, to [Plaintiff] being charged with FMLA misuse between 12/31/2017 and 1/2/2018?
>
> A.      So the charges, well, the circumstances and facts that led to the charges for [Plaintiff] was due to one, a high, two factors. One was a high FMLA utilization over the New Year's holiday in 2017/2018, and also the 2nd factor was that [Plaintiff]'s FMLA usage over the recent holidays. …

(Defendant's Exhibit A-3, Doc. No. 80-7 at 6).

The Court invited supplemental briefing on the issue of whether the foregoing is direct evidence of FMLA retaliation. (*See* Doc. No. 108). In its supplemental brief, CSX appears to contend that the hearing transcript – which expressly identifies Plaintiff's use of FMLA leave as a basis for its decision to charge Plaintiff with FMLA misuse – is not direct evidence of retaliation because its reliance on Plaintiff's prior FMLA use arose "in the context of a FMLA misuse investigation." (Doc. No. 110 at 5). However, CSX fails to direct the Court to any binding legal authority that stands for the same. Rather, as Plaintiff correctly notes in his supplemental brief, when an employer's own statements expressly identify an employee's protected activity (such as using FMLA leave) as part of the reason for its decision to take an adverse action against that employee, no inference is required to determine that the employer used that employee's protected activity as a negative factor in its decision to take the adverse action against the employee. *See Jackson*, 149 F.4th at 675; *cf. Ferrari v. Ford Motor Company*, 826 F.3d 885, 892 (6th Cir. 2016) ("When an employer acknowledges that it relied upon the plaintiff's handicap in making its employment decision the *McDonnell Douglas* burden shifting approach is unnecessary because the issue of the employer's intent, the issue for which *McDonnell Douglas* was designed, has been admitted by the defendant and the plaintiff has direct evidence of discrimination on the basis of his or her disability.") (citation modified). As CSX has failed to show that Plaintiff lacks proof to support his retaliation claim, its motion for summary judgment (Doc. No. 80) is **DENIED** as to that claim.

As for Plaintiff's FMLA interference claim, CSX contends that it should be dismissed as duplicative of his retaliation claim or, in the alternative, because Plaintiff was not denied any benefits. However, CSX does not direct the Court to the location of evidence in the record showing that Plaintiff was not denied any benefits under the FMLA nor does CSX attempt to show the

absence of any material dispute as to that fact. (*See* Doc. Nos. 80-1, 80-2). Accordingly, CSX has failed to show that Plaintiff lacks proof to support his interference claim. And the Court is not persuaded Plaintiff's interference claim should be dismissed as duplicative of his retaliation claim. Therefore, CSX's motion for summary judgment (Doc. No. 80) is **DENIED** as to the FMLA interference claim. As such, this case will proceed to trial on September 29, 2026. (Doc. No. 104).

The parties are advised that, for purposes of jury instruction, in the Sixth Circuit, "it is normally inappropriate to instruct the jury on the *McDonnell Douglas* analysis." *Brown v. Packaging Corp. of Am.*, 338 F.3d 586, 592-93 (6th Cir. 2003) (noting the Sixth Circuit's "clear preference for the instructions that eschewed the *McDonnell Douglas* model"); *see e.g.*, *In re Lewis*, 845 F.2d 624, 634 (6th Cir. 1988) ("Rather than confuse the jurors with legal definitions of the burden of proof, persuasion, and production and how they shift under *McDonnell Douglas*, we find that [an instruction on the ultimate burden] was a clear and preferable statement of the law."); *see also Craddock v. FedEx Corp. Servs., Inc.*, 102 F.4th 832, 846 (6th Cir. 2024) (Clay, J., concurring) ("But the *McDonnell Douglas* framework best serves courts during the pretrial phases of litigation—largely at summary judgment. The framework is not tailored to helping the jury answer the ultimate question: whether intentional discrimination actually occurred.") (citation modified).

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE

5